### SECURITY UNION CASUALTY CO. v. O'PRY. (No. 2824.)

Court of Civil Appeals of Texas. Amarillo. April 27, 1927.

Rehearing Denied May 18, 1927.

Master and servant ⬉373—Injury by heat stroke from intensified natural and artificial heat held not "accidental injury" within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

Partial loss of senses and weakening of nervous system, suffered by pumper working in sheet iron building, as result of heat stroke from intensified natural and artificial heat in building, *held* not an "accidental injury" resulting from violence on external portion of body within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident—Accidental.]

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Suit by Perry O'Pry against the Security Union Casualty Company, to set aside a final award of the Industrial Accident Board denying plaintiff compensation for injury. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., by the plaintiff, Perry O'Pry, against the defendant, Security Union Casualty Company, to set aside the final award of the Industrial Accident Board of Texas, made on September 24, 1925, denying him compensation for injuries received by him on July 4 and July 14, 1925, in the course of his employment while working for the Gulf Production Company in Wichita county, Tex.

It was agreed that the plaintiff was in the employment of the Gulf Production Company, which carried compensation insurance for the protection of its employees with the defendant.

All of the facts necessary to give the district court jurisdiction are properly alleged and proven.

Plaintiff pleaded, as a basis authorizing his recovery of compensation under the Compensation Law of this state, that, while engaged in the course of his employment for the Gulf Production Company, he received injuries by which he was totally incapacitated from performing manual labor, and that his disability and incapacity was permanent.

Plaintiff in his brief states the substance of his pleading and proof in the following language:

"The plaintiff below alleged and proved, in substance, that on and before the 4th and the 14th day of July, 1925, he was in the employment of the Gulf Production Company and was engaged as a pumper; that his duties were being performed at the time of his injury in a low, sheet iron building, containing a large gas engine, and partially surrounded by oil well machinery, which was black and greasy; that said building had practically no ventilation; that the day was hot, and the atmosphere was humid; that it required about all of the physical strength of the plaintiff to start said engine in his efforts to start or 'kick it off'; that each time before he attempted to start the engine he lighted the natural gas from a two-inch pipe and the blaze therefrom extended about a foot or more in height; that the heat and fumes from the burning gas added to the heat of the room; that the sheet iron building and the machinery inside and outside thereof intensified the natural heat of the sun to an abnormal degree, and in connection with the artificial heat produced therein by the burning gas, made it extremely hot on the inside of the building and made it hotter than on the outside of the building and much hotter than the natural heat of the sun, and thereby subjected the plaintiff, while in the discharge of his duties, to greater heat than that to which the public generally was subjected in the same locality; that, while he was working and exerting himself to start the engine in said building, he became too hot, due to the intensified natural heat and the artificial heat, and was by reason of said heat caused to suffer a heat stroke or heat exhaustion, in that he suddenly

fell to the floor in practically an unconscious condition and remained there for about an hour, after which he was able to get home; that he stayed in bed for about 30 days under treatment of a physician after the 14th of July, during which time he was weak, nervous, unable to sleep, and had lowered and defective vision, together with other symptoms. The medical testimony shows that the severe heat and physical exertion caused the blood to suddenly cease to function, and thereby stopped the elimination through the pores of the skin; that the poisons of the body, not being eliminated, were retained in the blood stream and carried to the heart, where they caused and produced an inflammation of the heart and aorta, resulting in an aortic stenuousis and an acute dilation of the heart. In addition, it was shown that, as a result of the injury, his vision was materially lowered, hearing lowered, sense of smell destroyed, taste impaired, and that his entire nervous system was undermined and weakened, causing headaches," etc.

In response to special issues submitted by the court, the jury found, in effect, that the plaintiff became totally incapacitated for work on the 14th day of July, 1925; that they were able to determine from a preponderance of the evidence the physical trouble that caused such incapacity, and that the cause thereof was "heat exhaustion," which was the direct and proximate result of the condition of the building in which plaintiff was working on and prior to July 14, 1925; that such incapacity was permanent.

On these and other findings unnecessary to set out, the court entered judgment in favor of plaintiff against the defendant for compensation at the rate of $17.31 per week, with interest on all past-due installments from their respective maturity dates at the rate of 6 per cent. per annum, making $936.12 due and payable at the date of the judgment, and that the plaintiff recover at the rate of $17.31 per week beginning with the 22d day of July, 1925, for a period of not more than 348 weeks; that the judgment should be what is known as a running order, and subject to review on the motion of either party, and subject to change upon a showing by either party of fraud, accident, or mistake, as provided in Workmen's Compensation Act of the statutes of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). From this judgment, this appeal is prosecuted.

Appellant presents as error the action of the trial court in refusing to give its requested peremptory instruction, because the uncontroverted testimony shows that the appellee did not sustain any accidental injury, and that his trouble or disease did not result from violence upon the external portions of his body.

In answer to certified questions from the Court of Civil Appeals of the Tenth Supreme Judicial District of Texas, at Waco, the Supreme Court says:

"Under statutes similar to ours, it is the uniform holding of the courts that, before any disease is compensable, it must be the direct result of an injury. Not only so, but that injury must be to the physical structure of the body. This language has been construed to mean that the disease must result from violence upon the external portion of the body. This latter construction has been recently upheld by our Supreme Court. We refer to the cases of Texas Employers' Insurance Association v. Jackson (Tex. Com. App.) 265 S. W. 1027, and that of Ætna Life Insurance Co. v. Graham (Tex. Com. App.) 284 S. W. 931. The Jackson Case was by Section A of the Commission of Appeals and the Graham Case by this court. The latter case was written subsequent to the drafting of the opinion of the Court of Civil Appeals in the instant case.

"In the Jackson Case, an employee was forced by his duties to expose himself to incessant rains without proper protection furnished by his employer. He was drenched by water. It soaked in through his skin and body. He was chilled and contracted pneumonia. But in that case it was held that there was no external violence to his body and he was not permitted to recover. In the Graham Case, a girl employee contracted tuberculosis as the result of gas fumes she inhaled while performing her duty in dye works. But in that case it was held that she died from an occupational or industrial disease which was not due in any sense to any external violence. In neither of these cases was the decision influenced in any way by the question as to whether or not the employer was negligent. The Compensation Law does not depend upon negligence. It was merely held that there was no accidental injury within the purview of our statute." Buchanan v. Maryland Casualty Co. (Tex. Com. App.) 288 S. W. 116.

As we construe the holding by the Supreme Court in the above case, it is conclusive against appellee's right to recover under the facts as revealed by this record, and, in deference thereto, the judgment of the trial court is reversed and here rendered for the appellant.