### O'PRY v. SECURITY UNION CASUALTY CO. (No. 1022–4917.)*

Commission of Appeals of Texas, Section A. Jan. 18, 1928.

**Master and servant 🏷373—Injury from heat exhaustion, due to natural and artificial heat conditions in sheet iron building, held "accidental injury" within Compensation Act; "bodily injury" (Rev. St. 1925, art. 8306, §§ 10–12, and art. 8309).**

Loss of consciousness and dizziness, resulting from natural heat intensified by artificial heat conditions in sheet iron building, *held* "accidental injury" under Workmen's Compensation Act (Rev. St. 1925, art. 8306, §§ 10–12, and article 8309), as causing harm or damage to physical structure of the body, though injury resulted merely from heat exhaustion; "heat exhaustion" being "bodily injury" within the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental; Bodily Injury.]

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Perry O'Pry against the Security Union Casualty Company to set aside an award of the Industrial Accident Board denying plaintiff compensation for an injury. Judgment for plaintiff was reversed and rendered by the Court of Civil Appeals (294 S. W. 606), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and cause remanded to that court.

Grindstaff, Zellers & Hutcheson, of Weatherford, for plaintiff in error.

Carter, Bailey & Berwald, of Dallas, amicus curiæ.

Touchstone, Wight, Gormley & Price, of Dallas, for defendant in error.

NICKELS, J. O'Pry brought suit to set aside adverse award of the Industrial Accident Board and to recover "compensation" as for total "incapacity" (and for "general relief") per the Workmen's Compensation Law (article 8306, R. S. 1925, §§ 10–12). Inter alia, he averred: (a) Prior to July 4, 1925, he was "a strong and robust man in vigorous health, and was capable of doing, and did do, hard manual labor." (b) Thereafter he became and now is "totally incapacitated and disabled from performing manual labor," and such "incapacity is permanent"—some variation is found in the al-

---

legation that his "earning power" has been "reduced practically to nothing." (c) Outside of disease which now exists, and has existed since the particular dates in question, and which did not exist before, and which is attributed to things next mentioned, the "incapacity" is due to "certain personal injuries." (d) Loss of consciousness with consequent "falls to the floor" with closely following "weakness," "dizziness," "a drawing sensation in his head," a "seeing of things double and all in a glimmer," etc. ("all of which conditions and symptoms have so existed continuously since the date of said injury"). (e) The injuries were received in the course of employment and as an original result of danger in the premises, etc.

The jury, on special issues, found: (a) Total permanent incapacity; (b) "heat exhaustion" produced that incapacity; also (c) the incapacity was "directly and proximately caused by the conditions of the buildings in which he was working," etc. Judgment was allowed as for permanent total incapacity; it was reversed and judgment for the insurer was rendered by the honorable Court of Civil Appeals, Seventh District. 294 S. W. 606. The opinion in Buchanan v. Maryland Casualty Co. (Tex. Com. App.) 288 S. W. 116, with its references to Texas Employers' Ins. Ass'n v. Jackson (Tex. Com. App.) 265 S. W. 1027, and Ætna Life Ins. Co. v. Graham (Tex. Com. App.) 284 S. W. 931, was regarded as impelling that action.

That natural heat, much intensified by artificial conditions of the plant wherein O'Pry worked, and physical exertion there, caused him, on each of two occasions, suddenly to lose control of his body and movements and to fall to the ground is not questionable. He was about his master's business, and the condition of faculties and physique and the falls just mentioned, with force of contact between his body and the ground, originated in the employment. Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 110, 246 S. W. 72, 28 A. L. R. 1402.

Compensability rests upon the postulate of "harm or damage to the physical structure of the body" (article 8309) which may not be rested in mere surmise or suspicion (Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059). That evidence is present to justify the finding of "heat exhaustion" is not questioned, or on the record questionable; but it is urged there must be evidence going further and to the fact of injury to bodily structure. While there may be physiological differences between "heat exhaustion," on the one hand, and "heat stroke" or "sunstroke," on the other, the fact of bodily injury being shown when "heat exhaustion" is shown must be taken as settled by the opinion in Bryant v. Continental Casualty Co., 107 Tex. 582, 586–589, 182 S. W. 673, L. R. A. 1916E, 945,

Ann. Cas. 1918A, 517. But for that opinion we would feel constrained to examine the record for evidence of physical injury other than mere exhibition of the fact of "heat exhaustion."

"Heat exhaustion" itself being an injury, O'Pry must be regarded (in deference to the jury finding and supporting evidence) as having a degree of industrial incapacity traceable through intermediate disease to that injury and thence to causative danger in the work and premises.

The ruling of the Court of Civil Appeals is the result alone of its consideration of an assignment that a peremptory instruction in favor of the insurer ought have been given because there was no evidence tending to show compensable injury. Assignments were duly made and presented on other points— e. g., that the finding of permanent total incapacity is without support in the evidence— but they were not considered.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for its consideration and disposition of the additional assignments.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.