## FORD MOTOR CO v HUNTER

Ohio Appeals, 1st Dist, Butler Co

No 652.   Decided May 27, 1935

Monnett, Hayes & Fickell, Columbus, for plaintiff in error.

P. P. Boli, Hamilton, for defendant in error.

## OPINION

### By MATTHEWS, J.

There is ample evidence that on July 15th, 1931, he became ill from heat exhaustion while at work in this room. The outside temperature on that day was about 103 degrees. The temperature in the room was between 115 degrees and 120 degrees. It so happened that on that day a key came out of one of the air compressors which interfered with the automatic regulation of the air pressure, necessitating that the employee stand over the air compressor and operate the regulator by hand so that the pressure would not be excessive. This was unusual physical exertion which, combined with the other conditions, the jury was warranted in finding, brought on the heat exhaustion. There was, therefore, a causal relation between his employment and his incapacity. It was occasioned in the course and arose out of his employment. And the unexpected failure of the air compressor to act automatically supplies the unusual happening, taking the case out of the normal hazards of the business as conducted from day to day according to the expectation or hope of the employer and employee. It was this intrusion of the unusual and unexpected that may fairly be said to have produced the extra strain that caused the incapacity denominated heat exhaustion. Under such circumstances, if an injury is inflicted having a causal relation to such unusual and unexpected happening, it is compensable. **Industrial Commission v Palmer, 126 Oh St, 251. Industrial Commission v Smith, 45 Oh Ap, 362 (15 Abs 703).** It fulfills the requirement that there be a causal connection between the injury and the employment "either through the activities, the conditions, or the environments of the employment." **Industrial Commission v Gintert, 128 Oh St, 129.**

Is what happened to the employee an injury within the meaning of the law?

In O'Pry v Security Union Casualty Co., ...Texas..., 1 SW (2d) 590, 61 A.L.R. 216, the court said at pages 217 and 218 of the latter report:

"Compensability rests upon the postulate of 'harm or damage to the physical structure of the body' (Art. 8309) which may not be rested in mere surmise or suspicion (Joske v Irvine, 91 Tex. 574, 44 SW 1059). That evidence is present to justify the finding of 'heat exhaustion' is not questioned, or on the record questionable; but it is urged there must be evidence going further and to the fact of injury to bodily structure. While there may be physiological differences between 'heat exhaustion,' on the one hand, and 'heat stroke' or 'sunstroke', on the other, the fact of bodily injury being shown when 'heat exhaustion' is shown must be taken as settled by the opinion in Bryant v Continental Casualty Co., 107 Tex. 582, 586-589, L.R.A. 1916E, 945, 182 SW 673, Ann. Cas. 1918A, 517. But for that opinion we would feel constrained to examine the record for evidence of physical injury other than mere exhibition of the fact of 'heat exhaustion.'

" 'Heat exhaustion' itself being an injury, O'Pry must be regarded (in deference to the jury finding and supporting evidence) as having a degree of industrial incapacity traceable through intermediate disease to that injury and thence to causative danger in the work and premises."

It will be seen by a reading of the annotation to the case of Lerner v Rump Bros., 41 A.L.R., 1122 (241 N. Y. 153), and Walsh v River Spinning Co., 13 A.L.R., 956 (41 R. I. 490) that under the Workmen's Compensation Acts of other states heat exhaustion is generally held to be compensable, provided, of course, the other elements of compensability are present. That it is a physical injury or hurt is uniformly held.

For these reasons, the judgment of the Court of Common Pleas of Butler County is affirmed.

ROSS, PJ, and HAMILTON, J, concur.