JONES *v.* INDUSTRIAL COMMISSION OF OHIO.

(Decided November 22, 1938.)

*Messrs. Meade, Weygandt & Held,* for appellant.
*Mr. Herbert S. Duffy,* attorney general, *Mr. Eugene Carlin* and *Mr. John K. Sawyers, Jr.,* for appellee.

DOYLE, J.  David Jones was an employee in the street repair department of the city of Cuyahoga Falls, and on the 9th day of November, 1934, he was "cleaning out a ditch with a shovel at the corner of Main and Howe streets * * *." When he engaged upon his work at approximately 7:30 a. m., the weather was inclement.  The ground was freezing, snow was falling, and the wind was blowing.  He worked until 4 o'clock p. m.  The nature of the work required the immersion of his right foot in the freezing water of

the ditch. While working, he experienced a "tingling sensation in his right foot," and at the termination of his day's work, after he had removed his shoes, he noticed that his foot was white, that it pained him, and that it was still cold, as it had been throughout the day. Shortly after November 9, "the great toe and the two next to it" on his right foot turned black, which discoloration continued through the months of November and December.

Subsequent events revealed that the exposure of the right foot in the water, as above related, caused a "frostbite" and an injury to the circulation in the toes. Gangrene developed in the affected parts, and medical and surgical treatment and hospitalization were required.

The evidence further developed the fact that there is a distinction between "frosting" and "freezing," and that in order to have frostbite the temperature of the exposed member does not have to be that of freezing if one is working in water or snow; that frosting of the foot creates a condition which injures the circulation.

Jones was a man of 70 years of age, and the opinion of the attending physician was that the conditions under which he was working on November 9 caused the frostbite in his right foot and an affected circulation, which culminated in gangrene with an accompanying incapacity.

The foregoing epitomizes the evidence pertinent to this decision, given the Industrial Commission of Ohio by David Jones upon his application for compensation under the provisions of the Workmen's Compensation Law of this state. The commission denied the application.

Appeal was perfected to the Court of Common Pleas of Summit county. That court, after the submission of the plaintiff's evidence in chief, sustained a motion of the Industrial Commission which prayed

the court for a withdrawal of the case from the jury and for a judgment in its favor. From that judgment, David Jones, the plaintiff in the court below, the appellant here, has appealed to this court on questions of law.

The evidence as aforesaid and the inferences to be drawn therefrom present the question whether, as a matter of law, the appellant did not suffer an injury while in the course of his employment. If he did not, the judgment should be affirmed; but if reasonable minds could reasonably conclude that he did so suffer an injury, the judgment should be reversed and the cause remanded for further proceedings.

The basic law is found in Section 35, Article II of the Constitution. It follows in part:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. * * *"

The plain intent of this constitutional provision was to make the payment of the compensation thereafter provided by law for accidental injuries to employees occasioned in the course of such workmen's employment, a charge upon the industry itself, making the business and the ultimate consumer of its product, and not the injured employee, bear the burden of compensating for accidental injuries incident to said business.

Subsequent to the enactment of this constitutional provision, the court of last resort of this state has pronounced the rule, and it is so adopted for this case, that a workman who has received an *accidental injury in the course of and arising out of his employment* shall be entitled to the benefits of the act.

It is generally held in workmen's compensation cases, and this court so holds, that if the injury in question has a causal relation to some unusual, unforseen and unexpected occurrence that takes place while the workman is acting in the course of his employment, and further, if the injury arises out of his employment, it is compensable. And if an employee, while performing work for his employer, is exposed to a special or peculiar danger from the elements of nature, a danger which is greater or more severe than that to which other persons in the community are exposed, and an unexpected and unforeseen disablement is sustained which has a causal connection with the conditions of employment, it is an accidental injury within the statute.

In the case before us the workman was obliged to perform his work while standing with his right foot in the freezing water of the ditch. The foot became frostbitten. Gangrene resulted. It was an unexpected, unforseen and unusual disablement, strangely suffered in the ordinary day's work. The exposure was not common to other persons in the community. It was an accidental injury.

The Supreme Court of this state in *Industrial Commission* v. *Carden,* 129 Ohio St., 344, 195 N. E., 551, allowed compensation to the widow of a workman whose husband, while using a steel shovel in his work, suffered death from a stroke of lightning which was conducted into his body through the shovel acting as a conductor. The court there held:

"1. An act of God does not arise out of earthly employment, but if the employment, through its activities, conditions or environments, subjects an employee to a greater hazard from the act of God than that to which the general public in the community is subject, and the employee is injured by the act of God to which he is so subjected, a causal connection between the employment and the injury is thereby established and

the case is compensable under the Workmen's Compensation Law.''

The appellate courts of this state have on several occasions reviewed cases involving disabilities arising from heat stroke and sunstroke. Compensation has been generally awarded if the circumstances are such as to bring them within the rule set forth. See *Ford Motor Co.* v. *Hunter,* 50 Ohio App., 547, 199 N. E., 85, *Rettig* v. *Industrial Commission,* 24 Ohio Law Abs., 579, and cases therein cited.

No case has been cited, nor has our investigation revealed any reported case in this state, involving ''frostbite.'' Reference is made, however, to the many cases cited in the annotation in 83 A. L. R., 234, and the A. L. R. Blue Book of Supplemental Decisions, including the latter's cumulative supplements.

And in *Industrial Commission* v. *Hampton,* 123 Ohio St., 500, 176 N. E., 74, the Supreme Court of Ohio cited with approval at page 506 a frostbite case in which compensation was awarded: *Larke* v. *John Hancock Mutual Life Ins. Co.,* 90 Conn., 303, 97 A., 320, L. R. A. 1916E, 584.

The judgment is reversed; and in view of the fact that there was a directed verdict at the end of plaintiff's testimony, the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and WASHBURN, J., concur.