ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., LIMITED, v. JOHNSON.

No. 4441.

Court of Civil Appeals of Texas. Beaumont.
April 10, 1947.

Rehearing Denied May 7, 1947.

Orgain, Bell & Tucker, of Beaumont, for appellant.

Faver & Barnes, of Jasper, for appellee.

COE, Chief Justice.

This is an appeal from a judgment of the district court of Jefferson county which awarded appellee, R. M. Johnson, compensation at the rate of $20 per week for a period of 145 weeks against the appellant, Zurich General Accident & Liability Insurance Company, Ltd. Appellee alleged that he received an accidental personal injury in the course of his employment for the Pennsylvania Ship Yards on July 18, 1945, which resulted in total incapacity for a period not to exceed 145 weeks from and after July 18, 1945. Appellant's answer included a general denial and other defenses. The cause was submitted to a jury on special issues and upon the jury's findings judgment was rendered for appellee as above indicated. Such facts as are necessary to be stated in connection with this appeal will be set forth in connection with the points discussed.

Appellant has grouped points 1, 2, 3 and 4, wherein complaint is made of the action of the trial court in refusing to set aside and disregard the jury's answer to special issue No. 7, wherein the jury found that the incapacity commenced on July 18, 1945, contending that such finding is contrary to the appellee's judicial admission made while testifying in said cause; that the trial court erred in rendering judgment based upon the jury's verdict allowing compensation commencing on July 18,

1945, asserting that under all the evidence and the appellee's admission his disability did not commence at such time, and further because the evidence is insufficient to support such finding and that such finding is contrary to the overwhelming weight and preponderance of the testimony, as well as contrary to appellee's judicial admission.

Appellee alleged that he sustained an injury on July 18, 1945, resulting in total incapacity, commencing on such date and continuing for a period of 145 weeks. Appellee's evidence was to the effect that while working in the hold of a ship for the Pennsylvania Ship Yards on July 18, 1945, he suffered heat exhaustion and as a result he became totally and permanently incapacitated to perform manual labor and has remained so incapacitated since said date, and will in all probability remain so incapacitated. Upon the trial, appellee admitted that he had continued in the employ of Pennsylvania Ship Yards for some five and a half weeks after July 18, 1945, doing similar work but under different conditions and surroundings, drawing the same salary as he had theretofore been paid, and that he did not claim any compensation for that period of time, to-wit, five and a half weeks. After the judgment of the court was entered, appellee undertook to file a remittitur in which he undertook to remit all compensation awarded to him for that period of time. The question as to whether any incapacity the appellee may now suffer is the result of any injury suffered by him on July 18, 1945, while in the course of his employment for the Pennsylvania Ship Yards, was hotly contested. Appellant contends that the fact that appellee testified in the trial of the case that he continued to draw his regular salary for some five and a half weeks for similar work and discontinued to do so only when he was laid off at a time when there was a reduction in the forces of his employer, and that he did not claim any compensation for such period of time, and undertook to waive his rights and claims thereto by filing a remittitur in the trial court, amounts to a judicial admission that he did not suffer total incapacity beginning on July 18, 1945, and that the court should have disregarded the findings of the jury to that effect and should have refused to enter judgment for appellee upon such finding. We find ourselves unable to agree with appellant in these contentions. In this connection the appellee testified that during all of the period of time after July 18, 1945, that he considered himself unable to work but that he did so under the spur of necessity; that he had a big family and no one to support them except himself. It is well settled that the fact that a workman is compelled to work by the spur of necessity after an injury is not conclusive on the issue of total and permanent disability. Texas Employers Insurance Ass'n v. Mallard, Tex.Civ.App., 192 S.W.2d 302, and the many cases there cited. It is the claimant's earning capacity and not his earnings which constitutes the basis for compensation under our workmen's compensation law. In view of the fact that we must reverse and remand this cause for another trial we will not undertake to point out the evidence which we feel was sufficient to support the jury's finding. We are convinced that there was sufficient evidence in the record to support the jury's findings that appellee was totally disabled from and after July 18, 1945, for a period of 145 weeks, and being of the opinion that the testimony given by appellee was not such as to constitute a judicial admission that he did not suffer total incapacity during that period of time, appellant's first four points are overruled.

By point 5, appellant complains of the refusal of the trial court to submit to the jury a requested instruction relating to circumstantial evidence and in refusing to submit a requested definition defining circumstantial evidence in connection with such issue. The requested special issue was as follows: "Gentlemen of the Jury: You are charged, as part of the law of this case that any fact before you may be established by circumstantial evidence, or direct evidence, or both." The definition requested was as follows: "Gentlemen of the Jury: You are instructed that a fact is established by circumstantial evidence when the existence of it is fairly and reasonably inferred from the other facts proven in the case."

The rule that a party relying in whole or in part upon circumstantial evidence to establish a fact is entitled to a charge on circumstantial evidence, has long been recognized by the courts of this state. Hicks v. Frost, Tex.Civ.App., 195 S.W.2d 606, and the many cases there cited, beginning with Jones v. Hess, Tex.Civ.App., 48 S.W. 46. There is no doubt that appellant's defense in this cause depended to a great extent upon circumstantial evidence and, under the rule announced in the cases above cited, appellant was clearly entitled to the requested charge. Appellee contends that this being a compensation case that the authorities above cited have no application. While the right of an injured employee to compensation for injuries received in the course of his employment depends upon the statutes relating to workmen's compensation, we know of no reason why, and have been cited to no authorities holding that the general rule of evidence does not apply to the trial of such cases. The requested charge being in substantially correct form the court committed error in refusing to give same. The requested definition relating to circumstantial evidence is improperly worded in that it instructs the jury that a fact is established by circumstantial evidence when the existence of it is fairly and reasonably inferred from the other facts proven in the case. Such instructions should read that a fact may be established by circumstantial evidence when the existence of it is fairly and reasonably inferred from the other facts proven in the case, thereby leaving it to the jury to determine whether such fact has been established. The requested definition is subject to the interpretation that the fact is established as a matter of law if the existence of it is fairly and reasonably inferred from the other facts proven in the case, even though it might be as reasonably inferred from the other facts proven in the case that the direct opposite is true.

By points 7 and 8, appellant complains of the action of the trial court in overruling appellant's objections to special issue No. 8 of the court's charge.

Special issue No. 7 inquired as to when total incapacity of appellee began and special issue No. 8 reads as follows: "From a preponderance of the evidence how many weeks of such total incapacity, if any, do you find was sustained by R. M. Johnson from and after the beginning date, if any. Answer by stating the number of weeks, if any, or answer 'none'." To this charge appellant leveled, among others, the following objections:

"(c) Said issue is insufficient to call the jury's attention specifically to the defendant's defense of temporary total disability, and is not an affirmative submission of such defense, which the defendant is entitled to have called to the jury's attention by appropriate special issues.

"(d) The form of the answer to said issue is erroneous and improper in that it requires the jury to find that the total incapacity existed for a period of at least one week or more, and the same does not affirmatively submit to the jury or allow them to answer said issue based upon defendant's defense that the total incapacity, if any, only existed two or three days."

These points are overruled. Appellee only plead a cause of action for temporary total disability. Appellant contends that this manner of submission was unfair for the reason that appellant's contentions in the trial court and here are to the effect that if appellee suffered any total incapacity that it did not continue for more than two or three days; and makes the further contention that the manner in which the jury was instructed to answer special issue No. 8 made it impossible for the jury to answer the question "none" after they had found that appellee had suffered some total incapacity, and that it was not an affirmative submission of appellant's defense of temporary incapacity. We can not agree with the appellant that the issue as submitted, with the instructions as to how same should be answered, is subject to the criticism leveled thereto. All compensation paid under our workmen's compensation law is based on weekly compensation, that is so much per week, and wherever an employee is incapacitated for any period of time it is proper for the

trial court to inquire as to the number of weeks such incapacity has or will continue and in this instance, had the jury been of the opinion that appellee's incapacity existed for a shorter period of time than one week, they could have properly answered special issue No. 8 by answering "none."

By point 9, appellant complains of the action of the trial court in overruling and refusing to sustain appellant's objection No. 4(b) to special issue No. 3 of the court's charge on the ground that such issue was upon the weight of the evidence. Special issue No. 3, as submitted to the jury, read as follows: "Do you find from a preponderance of the evidence in this case that the injury, if any you have found, was sustained by R. M. Johnson because of heat exhaustion experienced on or about July 18, 1945." Among other objections made to such issue, appellant objected as follows: "(a) Said issue is on the weight of the evidence in that it assumes that R. M. Johnson became overheated or suffered heat exhaustion on or about July 18, 1945." This point is sustained. It was an issue of fact in the trial of the case as to whether or not appellee suffered heat exhaustion as contended. The issue as framed assumes the fact that appellee experienced heat exhaustion on or about July 18, 1945. In view of the fact that we are reversing and remanding this cause for another trial, we would suggest that some confusion could be avoided by simply inquiring of the jury whether or not the appellee suffered heat exhaustion on the date in question, thereby eliminating the necessity of special issue No. 1, which inquired of the jury as to whether Johnson sustained an injury on or about July, 18, 1945. It is now the settled rule that when heat exhaustion is shown that personal injury is shown. O'Pry v. Security Casualty Co., Tex.Com.App., 1 S.W.2d 590, 61 A.L.R. 216; Hebert et al. v. New Amsterdam Casualty Co., Tex.Com. App., 1 S.W.2d 608, and no good purpose could be served by making two separate inquiries of the jury as to whether appellee suffered an injury. Of course, this issue should be followed up with a proper issue as to whether or not such injuries were sustained while in the course of his employment, and as to whether or not he was exposed to a greater hazard than that ordinarily sustained by the general public.

By points Nos. 10, 11 and 12, appellant complains of the refusal of the trial court to set aside the jury's answer to special issue No. 8, wherein the jury found that the incapacity continued for a period of 145 weeks from and after July 18, 1945. For the same reasons set out under points Nos. 1, 2, 3 and 4, what we have said regarding appellant's contention under the first four points applies to the contentions here made, and for the same reasons there given these points are overruled.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and this cause is remanded.

### On Motion for Rehearing.

This is written to correct an erroneous statement in our original opinion wherein we stated that by point No. 5 appellant complains of the refusal of the trial court to submit to the jury a requested instruction relating to circumstantial evidence and in refusing to submit a requested definition defining circumstantial evidence in connection with such issue, when, as a matter of fact, appellant's point No. 5 complained only of the action of the trial court in refusing to submit to the jury an instruction relating to circumstantial evidence and point No. 6 complained of the refusal of the trial court to submit the requested definition of circumstantial evidence. These two points were grouped and presented together and through inadvertence we referred to such points as being one point. It was our intention, which we did, to sustain appellant's point No. 5 and to overrule appellant's point No. 6 for the reason that the requested definition or instruction was not a proper definition or instruction in connection with a charge on circumstantial evidence. We adhere to our original judgment reversing and remanding this cause and overrule appellee's motion for a rehearing.