HEBERT et al. v. NEW AMSTERDAM CASUALTY CO. (No. 1025-4948.) *

Commission of Appeals of Texas, Section A. Jan. 18, 1928.

1. **Master and servant** ⟨⟩371—Compensable death must have for foundation injury harming physical structure of body and of origin in causative danger in employment (Rev. St. 1925, art. 8309, and article 8306, § 8).

Compensable death must have for its foundation an injury, under Rev. St. 1925, art. 8306, § 8, of nature of damage or harm to physical structure of body, under article 8309, and of origin in causative danger in employment.

2. **Master and servant** ⟨⟩373—Heat stroke is "bodily injury" within Compensation Act (Rev. St. 1925, art. 8306, § 8).

Where heat stroke is shown in proceeding under Workmen's Compensation Act for death, bodily injury is shown within Rev. St. 1925, art. 8306, § 8.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bodily Injury.]

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied 3 S. W.(2d).

**3. Master and servant ⬤⟿417(5)—Whether employee's death through heat stroke while loading logs was traceable to causative danger in employment held for jury.**

In proceedings for compensation, whether death of employee through heat stroke while loading heavy logs on wagon in forest was traceable to causative danger in employment *held* for jury.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Mary Hebert and others against the New Amsterdam Casualty Company to set aside an award and final decree of the Industrial Accident Board. Judgment for plaintiffs was reversed and rendered (296 S. W. 688), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

J. Llewellyn and P. C. Matthews, both of Liberty, for plaintiffs in error.

Carter, Bailey & Berwald, of Dallas, amici curiæ.

Andrews, Streetman, Logue & Mobley and Chap. H. Cain, all of Houston, for defendant in error.

NICKELS, J. A judgment for compensation as for death "resulting from injury" (section 8, art. 8306, R. S. 1925) was reversed and judgment rendered for the insurer by the honorable Court of Civil Appeals, Ninth District, 296 S. W. 688. The case is properly and fully stated in that opinion. The matters assigned are discussed below.

[1] Compensable death must have for its foundation "injury" (section 8, art. 8306) of the nature of "damage or harm to the physical structure of the body" (article 8309, R. S. 1925), and of origin in causative danger in the employment (article 8309), Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 110, 246 S. W. 72, 28 A. L. R. 1402; In re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; Hopkins v. Michigan Sugar Co., 184 Mich. 87, 150 N. W. 325, L. R. A. 1915A, 310; Federal Rubber Mfg. Co. v. Havolic, 162 Wis. 341, 156 N. W. 143, L. R. A. 1916D, 968.

[2] The jury attributed death to "heat stroke," and there is evidence to support the finding. As indicated in O'Pry v. Security Casualty Co. (No. 1022–4917) 1 S. W. (2d) 590, we regard ourselves as bound by the opinion in Bryant v. Continental Casualty Co., 107 Tex. 582, 586–589, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517, on the point that when "heat stroke" is shown bodily injury is shown.

[3] Hebert (immediately before his body was found) was engaged, in the line of duty, in what may easily be regarded as unusually arduous manual labor. It was his business to load (with the aid of various devices) heavy logs onto a wagon, and the locus of his duties was within a forest and at a point where the sun's heat as it struck his body may have been intensified (rather, its amelioration prevented) by the nature of the premises. We have no warrant, then, to say, as a matter of law, that his death (through "heat stroke") is not traceable to causative danger in the employment—as, in fact, the jury found it was.

We recommend reversal of the judgment of the Court of Civil Appeals and affirmance of that of the district court.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.