## SCIVALLY v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 13039.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 9, 1934.

Rehearing Denied Dec. 14, 1934.

H. T. Cooper, of Fort Worth, for appellant.

Todd & Crowley, of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a directed verdict for defendant in a suit under the Workmen's Compensation Act for death from heatstroke. Article 8306, § 8, R. S.

Heatstroke is compensable, O'Pry v. Security Union Casualty Co. (Tex. Com. App.) 1 S.W.(2d) 590, 61 A. L. R. 216, provided the injury was brought on by some exposure greater than that experienced by the general public and brought about in the course of his employment. Hebert v. New Amsterdam Casualty Co. (Tex. Com. App.) 1 S.W.(2d) 608; article 8306, § 1, R. S.

The evidence from appellant's standpoint is that her deceased husband was an office employee of the Marathon Oil Company and on the evening of June 16th was suffering from some infirmity not named in the record. His fever was 104 degrees, which his family physician says is generally fatal. He was advised by that physician not to go to work next day and given some medicine. The next morning he telephoned his secretary at 7:30 that he was not well and would not come down to the office until later in the morning. The office is at the northeast corner of the second floor of a brick building. It has two east windows with awnings and a door opening into a larger room on the south which has east, west, and south exposures. It has a ceiling fan.

At 9 o'clock a. m. that day, the official temperature at Fort Worth, where this death occurred, was 80 degrees, which was one degree above normal. The fan was going and the windows open; a breeze of 18 miles per hour blew out of the southwest. It was slightly warmer in the office than in the larger room but not uncomfortable to the secretary. She was perspiring. Appellant enter-

cd, sat down at his desk, and asked his secretary to get him a glass of water. She did, and he took some medicine. He was out of breath. She went about her own duties with her back to him but heard him handling papers on his desk. In a few minutes, somewhere between 10 and 10:20, he called the refinery office by telephone. His talk was incoherent and the superintendent there called one of the other employees, Brown, at deceased's office building, and asked him to see what deceased wanted. That one went to deceased's desk and found him attempting conversation with still another and unable to make himself understood. Brown took the telephone, completed the call, and then took deceased by the arm, suggesting a drink of water. Deceased stood up, then fell back in his chair, and was taken home and died that afternoon.

As far as our jurisdiction is here involved, he died of heatstroke. We cannot find the scintilla of testimony that indicates he suffered that heatstroke after he reached his office. All the evidence is that he was suffering when he reached the office from the malady which produced his death. Nor can we find any evidence that he suffered a heatstroke after he reached the office, or that the conditions at the office were such as would produce a heatstroke even to the deceased. The evidence must justify more than a surmise.

The judgment of the trial court is affirmed.