## TRADERS & GENERAL INS. CO.
### v.
### ROSS.
No. 12599.

Court of Civil Appeals of Texas.

Galveston.

Dec. 17, 1953.

Rehearing Denied Jan. 21, 1954.

Butler, Binion, Rice & Cook, Frank J. Knapp, and John L. McConn, Jr., Houston, for appellant.

Raymond L. McDermott, Houston, and Helm & Jones, Houston, of counsel, for appellee.

CODY, Justice.

This is a compensation case. So far as is here material, the appellee alleged "On or about July 24, 1950, and on or about August 14, 1950, your plaintiff was working within the scope of his employment for Southmayd Building Co., Inc., and J. C. McClaren in Harris County, Texas. While performing his duties for his employers on said dates, your plaintiff suffered accidental bodily injuries. As the result of the occurrences made the basis of this suit, plaintiff suffered a heat stroke or from heat exhaustion with the resulting injuries to his head, back or neck, arms and entire body."

The case was submitted to the jury upon special issues, and the jury found in effect appellee was permanently partially incapacitated. Appellant's most serious objection to the court's charge was that no issue was submitted to the jury inquiring whether appellee had been exposed to a greater hazard from the heat than the general public. It will be remembered that Article 8309, § 1, provides in part:

"The term 'injury sustained in the course of employment,' as used in this law, shall not include:

"1. An injury caused by the act of God, unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public."

Judgment was rendered for appellee upon the jury's verdict. Appellant predicates its appeal upon four points to the effect (1) That there was no evidence or insufficient evidence to show that appellee was subjected to a greater hazard of injury from heat than the general public, (2) That the court erred in not submitting a special issue inquiring whether appellee was subjected to a greater hazard from the heat than the general public, (3) That special issue No. 1 was multifarious and duplicitous and, as framed, assumed as true controverted facts, (4) That the answers to special issues Nos. 11 and 13 were without support in the evidence, or at least without sufficient support in the evidence.

We overrule appellant's first point. Special issue No. 1 inquired whether appellant "on or about August 14, 1950, sustained an injury to his body, as that term is hereinabove defined for you, as the result of

heat exhaustion or heat stroke?" To which the jury answered "Yes." Conditioned on an affirmance answer to special issue No. 1, the jury was asked by special issue No. 2, if the injury was accidental, to which the jury answered "Yes." Then conditioned on an affirmative answer to special issue No. 2, the jury were asked by special issue No. 3, if the injury was received by appellee in the course of his employment.

Appellee's evidence shows that he had lived in the foothills of the Rockies, where it was cool, until about a month before he moved to Houston. That until appellee came to Houston he had been engaged in indoor work. That he tried carpentry work for the first time in his life on July 24, 1950, in Houston. That the day was hot, and appellee worked out doors, and began at 8:00 o'clock in the morning. That after about twenty minutes he "couldn't see good", and "got sick", and quit work. That a few days later he cut some grass in order to get used to the heat, and in about ten minutes sat down in the shade. On August 14, 1950, appellee again engaged in work out of doors as a carpenter's helper. Among his duties was that of breaking up forms.

■ It should be noted that the question submitted by special issue No. 1 was simply whether appellee suffered an injury to his body on August 14, 1950, as the result of heat exhaustion or heat stroke. There was certainly evidence which warranted the jury in answering that issue in the affirmative, as well as answering special issues Nos. 2 and 3 in the affirmative. Appellant's point No. 1 is not apposite. If the court was guilty of the error which appellant seems to suppose, the error consisted of the court's refusal to submit a special issue inquiring if appellee was subjected to a greater hazard from "heat stroke" or "heat exhaustion" than the general public.

■ We hold that when appellee in legal effect plead that his injury was caused by an act of God, that regardless of whether it was incumbent on him in this case to plead that he was then engaged in the performance of duties that subjected him to a greater hazard than ordinarily applied to the general public, the burden was on him to secure a finding from the jury that brought his case within the exception 1 of Section 1, 8309, quoted above. If there is any conflict between Rule 94, and we deem there is no such conflict, the Section would prevail. The burden was upon appellee when he once affirmed in his petition that his injury was caused by an act of God, to prove that it was compensable nevertheless.

■ The court erred, we believe, in overruling appellant's second point in not submitting the issue whether appellee was subjected to a greater hazard from heat stroke or heat exhaustion than the general public. The evidence did not show as a matter of law that appellee was subjected to a greater hazard than the general public.

We have duly considered appellant's other points, find them without merit, and overrule them.

The judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.