The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

John O. BOOKER, Appellee.

No. 6535.

Court of Civil Appeals of Texas.

Beaumont.

April 4, 1963.

Rehearing Denied May 23, 1963.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Joe H. Tonahill, Jasper, for appellee.

HIGHTOWER, Chief Justice.

This is a Workmen's Compensation case in which appellee recovered judgment for total and permanent incapacity.

The petition upon which appellee went to trial sought recovery upon the theory of heat stroke and other grounds collectively and alternatively.

The substance of the pertinent jury findings is that appellee received an accidental injury to his body while in the course of his employment, which injury resulted in total and permanent incapacity; that appellee sustained total and permanent loss of the use of his right eye as a natural result of said injury; that the incapacity of the appellee is not limited to the right eye. Additionally, after having given the usual definition of accidental injury, the court gave the instruction that it does not include an injury caused by the act of God unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public.

By its first four points, appellant contends that the judgment for total and permanent incapacity is without support in the verdict by reason of the fact that appellee had based his entire claim on a heat stroke and a series of events set in motion by a heat stroke, and it, therefore, became incumbent upon him to prove and to obtain a specific finding by the jury that he was exposed to a greater hazard from the heat than that to which the public is generally exposed, and that, as a result, he sustained a heat stroke. Observe that there were no such jury findings.

On the other hand, appellee contends that the judgment should be affirmed on the basis of such cases as Garcia v. Texas Indemnity Ins. Co., 146 Tex. 413, 209 S.W. 2d 333; General Ins. Corp. v. Wickersham, 235 S.W.2d 215 (Civ.App.); American General Ins. Co. v. Barrett, 300 S.W.2d 358 (Civ.App.). These were largely "fall" cases wherein the claimants received injuries as a result of falling to the ground, although the cause of the fall was not occasioned by reason of the nature of the work, but was solely occasioned by a heart attack, a blackout spell or some pre-existing idiopathic condition.

The law is well established that where a compensation claimant rests his

recovery upon the effects of an alleged heat stroke, he has the burden of submitting and securing a jury finding to the effect that at the time of injury therefrom he was engaged in the performance of duties which subjected him to a greater hazard than ordinarily applies to the general public. Traders & General Ins. Co. v. Ross, Tex. Civ.App., 263 S.W.2d 673.

■ If appellant be correct, which we do not concede, that appellee tried his case solely on the basis of incapacity resulting by reason of injury from heat stroke we must nevertheless, inasmuch as we believe there is sufficient evidence in the record in this connection, sustain the judgment of the trial court. This by reason of the fact that appellant only urged these contentions in his motion for new trial in the court below. It made no objections there, prior to the submission of the court's charge to the jury, that the charge did not contain the omitted issues here complained of. The jury, having answered the primary issues of accidental injury in the course of employment favorably to appellee, we hold that by its failure to timely object to the trial court's failure to include the omitted issues in its charge jury findings on the same were waived. Rule 279, Texas Rules of Civil Procedure; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Wichita Falls & Oklahoma R. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. These omitted issues concerning heat stroke and extra hazardous conditions were not the "very gist and basis of the right to recover", as stated in Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W. 2d 1031. They were only issues which were incidental to and component parts of the jury findings on injury in the course of employment and are, therefore, deemed to have been found in support of the judgment by the trial court. Rule 279, supra.

■ In order that we not unduly extend this opinion, we shall only briefly refer to the substance of some of the evidence in the record which we hold support the issues of heat exhaustion and extra hazardous conditions which are deemed to have been found in support of the judgment, to-wit:

Appellant was seventy-four years of age on the day of the accident. He had gone to work that morning at 7 a. m. and had fallen out, or fainted, at 4:30 p. m., at which time he was taken home and given medical attention. His duties required him to keep ahead of a road grader on the highway picking up sticks and other trash. He stated that the stuff was so heavy and they worked him and a young boy so hard that they couldn't keep ahead of the grader, but that they still "laid" to it until 3 o'clock. It appears from appellant's testimony that the young boy who was engaged in the work with him "burnt" out about 3 o'clock and had to quit. He stated that in doing this work, he had walked in the sun 15½ miles that day. Although he estimated that the temperature was 75° or 80° that day, he emphasized that he was very hot. By reason of his "falling out" he injured his right eye and that at the time of trial his head had ached, as well as his back, since his injury. That he had falling out spells since his injury. That he is shortwinded, couldn't do any more work and that his condition is getting worse. That he had none of these complaints before his injury. His treating physician corroborated, without objection, appellant's testimony regarding his injury and condition from his case history notes and gave his opinion that as a result of said injury appellant was permanently and totally disabled. The evidence further revealed through deposition testimony of another doctor that an accurate description of nature and extent of appellant's injury was heat exhaustion and that he hurt his right eye when he fell. We quote this additional testimony:

"Q. Doctor, as far as any medical terms, what's wrong with him?

Can you tell us what that might be? What can explain this?

"A. I think there's a series of events here. One is, this man got too hot, and I think no doubt put the blood pressure awful high, and he had what is called a mild heart attack, and doctors wouldn't call it that, but basically that is what it amounts to, that is one thing. And, then the other thing is when he fell he possibly suffered a series of small hemorrhages or small strokes. These are the type of injuries that give paralysis to the arm or leg, that causes small minute imagies in the brain, and produces what is commonly referred to as a assompconcussion, is another name for it, but the damage is done by small hemorrhages to the brain cells."

On the basis of the foregoing testimony, we overrule appellant's contentions regarding the sufficiency of the evidence. However, under these same points, 5 thru 10, appellant urges one point to the effect that the finding of the jury on accidental injury is so against the great weight and preponderance of the evidence as to be unjust. Ordinarily, it would be sufficient to say that the evidence indisputedly shows that as a result of the fall appellant lost the vision in his right eye to the extent that he was no longer able to use the same in the performance of the ordinary duties of a workman. But, it appears that under such point, together with the others with which it is grouped, appellant contends that in proving accidental injury appellee had the burden of establishing heat exhaustion and extra hazardous conditions, etc. We have hereinabove stated the general rule to be that where the primary issues of accidental injury in the course of employment have been answered favorably and the failure to submit component parts of said issues is not objected to, said component issues are deemed to have been found in support of the judgment by the trial court if there is *any evidence in the record* to support such presumed findings. Rule 279 and authorities, supra. We do not believe, however, that this well established rule should ordinarily be applied so narrowly in circumstances where, as here, appellant urges that the finding of accidental injury is so against the great weight and preponderance of the evidence as to be manifestly unjust. We maintain this opinion even though it appears from appellant's brief under these points that such contentions were not made with the thought in mind that this court might reach the conclusion which we have hereinabove reached in regard to the presumed findings on the omitted issues in support of the judgment. Therefore, in a proper case we would be inclined to weigh and compare the favorable and unfavorable evidence. However, after examination of appellant's assignments of error in its motion for new trial, we find no assignment which properly urges that a finding of heat exhaustion and extra hazardous conditions would be against the great weight and preponderance of the evidence. The only assignment in this connection is the very general one, which we cannot consider, to the effect that the verdict of the jury is so against the great weight and preponderance of the evidence as to be manifestly unfair and unjust. This is too general to form the basis for the point of error urged; therefore, such point is also overruled.

By points of error 11 thru 13, appellant urges that the finding of the jury that a $40.00 per week average weekly wage would be fair and just to both parties is without support, or alternatively without sufficient support, in the evidence.

In answer to Special Issue No. 19, which inquired of the jury as to what would be an average weekly wage for the plaintiff which would be fair and just to both parties, the jury answered $40.00. Plaintiff testified that he retired in about the year 1955; that he voluntarily quit his job and retired some four years prior to

the date of injury; that, thereafter he drew Social Security and only had temporary jobs; and that, after retiring in 1955, he made no effort to find and did not want a steady, full time job. The record further shows that during the twelve months preceding the injury appellee's total earnings were $300.00–$500.00, or an average of less than $10.00 per week; however, appellee's testimony also shows that he was hired on the basis of $1.00 per hour, or ten hours per day and five days per week, or on the basis of $50.00 per week. That he entered into this contract of employment with Mr. Aycock, one of his employers. In view of the party's stipulation that Subsections 1 and 2 of Section 1 of Article 8309, Vernon's Ann.Tex.Civ.St., were not applicable in this case, it became the jury's duty to arrive at a wage rate fair and just from the competent evidence before them. The jury found a wage rate of $40.00 per week as fair and just. Such a finding is reasonable in view of the undisputed contract of employment entered into between the plaintiff and his employer. The jury has a wide discretion in arriving at the average weekly wage rate of an employee under this Section of the Statute and absent an abuse of its discretion its finding will not be reversed. We think the decisions of Traders & General Ins. Co. v. Wilson, Tex.Civ.App., 147 S.W.2d 866, N.W.H., and Continental Fire & Casualty Ins. Corp. v. Drummond, Tex.Civ.App., 220 S.W.2d 922, N.R.E., are sufficiently analogous on the facts to support our views that these points of error are without merit.

■ By Special Issue No. 20, the jury found that appellee's incapacity was not solely caused by diseases, prior existing physical defects, his advanced age, the natural process of aging, or some combination thereof, wholly unconnected with his employment. By points of error 14 thru 16, appellant alleges no evidence and insufficient evidence to support such finding. Appellee, being seventy-four years of age, appellant says that as a practical matter, he would normally and usually be disabled in obtaining and retaining employment involving heavy manual labor. It also refers to the fact that at the time of trial appellee had been voluntarily retired for some six years. Reference is then made to the testimony of appellee's physician, the substance of which being that said physician would not say it is probable but that it was possible that appellee's disabilities were due to his advanced age. The record far from establishes these contentions of appellant's and we cannot say that the finding of the jury is against the overwhelming preponderance of the evidence. Under the circumstances, we would not be justified disregarding the jury's findings. These points of error are overruled.

■ By its last points of error, 17 thru 24, appellant complains of the failure of the trial court to submit a series of its defensive issues to the jury. These issues embraced all of the defensive theories contained in Special Issue No. 20 hereinabove alluded to in determining appellant's points 14 thru 16, said Issue No. 20 having inquired where the appellee's incapacity was not *solely caused* by diseases, prior existing physical defects, his advanced age, the natural process of aging, or some combination thereof. The issues which appellant now complains of the court's refusal to submit went a step further and inquired whether *any period* of appellee's total incapacity was due solely to the conditions or factors inquired of in Issue No. 20.

These issues would have perhaps been proper had there been any probative evidence to warrant their submission. The only evidence in its connection was that of appellee's physician to the effect that appellee's disabilities could possibly, but not probably, have been the result of his advanced age. We are of the opinion that such speculation and conjecture did not warrant the submission of the issues requested.

Judgment is affirmed.