**COMMERCIAL STANDARD INSURANCE COMPANY, Petitioner,**

v.

**Leroy H. ALLRED, Respondent.**

**No. A–11402.**

Supreme Court of Texas.

March 15, 1967.

Rehearing Denied May 10, 1967.

Buck & Buck, Brown, Day & Crowley, M. Hendricks Brown, Fort Worth, for petitioner.

Schulz & Hanna, Malcolm Schulz, Yates & Yates, Jack M. Yates, Abilene, for respondent.

HAMILTON, Justice.

This is a workmen's compensation case. The trial court entered judgment on the verdict for respondent, Leroy H. Allred, who was the plaintiff below. The Court of Civil Appeals has reversed that judgment and remanded the case for trial. 400 S.W. 2d 778. Both parties filed applications for writ of error; both applications were granted. For convenience we will designate Commercial Standard Insurance Company petitioner.

Respondent Allred contends here that the Court of Civil Appeals was in error in reversing and remanding the case on the ground that Special Issue No. 1 was an erroneous comment on the evidence. Petitioner Commercial Standard Insurance Company contends that the Court of Civil Appeals was in error in not rendering the cause because, *inter alia*, there was no evidence to support the jury's affirmative answers to Special Issues Nos. 1 and 2. These issues are as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that Leroy Allred sustained an injury to his body as the result of a heat exhaustion on or about April 9, 1963?

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that at the time the plaintiff sustained an injury as the result of heat exhaustion, if you have found that he did, he was subject to a greater hazard of heat exhaustion than applied to the general public?"

We shall consider respondent's application for writ of error first. Respondent alleged and presented evidence tending to show that he had sustained total and permanent disability and that such disability was caused by an injury to his body as the result of heat exhaustion. Petitioner contended and presented evidence designed to show that respondent's disability, if any, was not caused by such an injury but was the result of high blood pressure, otherwise known as hypertension.

The Fort Worth Court of Civil Appeals holds that Special Issue No. 1 is an erroneous comment on the weight of the evidence, and relies on a decision of this Court in Johnson v. Zurich General Accident & Liability Insurance Company, 146 Tex. 232, 205 S.W.2d 353 (1947). The issue in the Johnson case read:

"Do you find from a preponderance of the evidence in this case that the injury, if any you have found, was sustained by R. M. Johnson because of heat exhaustion experienced on or about July 18, 1945?"

This Court held that the issue as framed assumed that Johnson experienced heat exhaustion and called upon the jury to answer the single question of whether petitioner's injuries, if any, resulted from heat exhaustion which he experienced that day.

In 1952 this Court decided the case of Eubanks v. Texas Employers' Insurance

Association, 151 Tex. 67, 246 S.W.2d 467. The issue in that case read:

"Do you find from a preponderance of the evidence that J. L. Eubanks sustained personal injuries during the first two weeks of January, 1945, as the result of being struck a blow on his head by a piece of timber?"

We held that the issue was not a comment on the weight of evidence. We pointed out that this Court had held that "It is sufficient for the jury to be asked to find merely whether the employee sustained an accidental injury to his body, it not being necessary for the issue or the jury's finding to show the manner in which the injury was sustained." We went on to hold, however, that "it was not reversible error for the issue submitting the question as to the suffering of injury to contain words descriptive of the manner of the injury."

In the course of our opinion in Eubanks we approved, at least inferentially, a holding by the Court of Civil Appeals in Texas Employers Insurance Association v. Rowell, 104 S.W.2d 613, (Tex.Civ.App., 1937, no writ) that an issue in the following language was not a comment on the weight of the evidence:

"Do you find from a preponderance of the evidence that the plaintiff, H. Rowell, on or about the 10th day of August, 1934, sustained an injury as that term is herein defined, as a result of heat exhaustion or sun stroke?"

We also pointed out in Eubanks that the Court of Civil Appeals, in Texas Employers Insurance Association v. Clack, 112 S.W.2d 526, 529, had approved an issue in the following language:

"Do you find from a preponderance of the evidence that the plaintiff, P. K. Clack, sustained any personal injuries, as alleged, by falling from a cooling tower on September 27, 1935?"

We further pointed out that in the Clack case this Court had affirmed the judgment

of the Court of Civil Appeals (134 Tex. 151, 132 S.W.2d 399) without discussing the above ruling.

In the Eubanks case particular reference was made to an article by Preston Shirley in 18 Texas Law Review 365, in which a recommended special issue in this type of case was put in this language:

"Do you find from a preponderance of. the evidence that (claimant) sustained an injury (particularly describing the injury) by (particular manner of injury) on the _____ day of _____ 1940?"

In that case we also distinguished the Johnson case by emphasizing that the issue in question there contained the word "experienced".

■ On rehearing in the case before us the Court of Civil Appeals wrote that "by interpolating the words 'the' and 'which occurred' into the issue it will then read as did the issue in the Johnson case: 'Do you find from a preponderance of the evidence that Leroy Allred sustained an injury to his body as the result of *the* heat exhaustion *which occurred* on or about April 9, 1953?'" We agree with the Court of Civil Appeals that if such interpolation is made that we would have an issue similar to that in the Johnson case. In the Johnson case the issue seemed to assume that a heat exhaustion had been experienced. In this case with the interpolation the issue would assume that a heat exhaustion had occurred. We think the issue given by the court in this case does not assume anything; it simply asks the jury if Leroy Allred sustained one certain kind of injury to his body, and that kind was one resulting from a heat exhaustion. We hold that the trial court did not err in submitting this issue to the jury.

We now turn to petitioner's writ of error, which presents two major questions: First, is there any evidence of probative force to support the jury finding that the claimant suffered an injury from heat exhaustion?

Second, is there any evidence to support the jury finding that at the time the claimant sustained the injury he was subjected to a greater hazard of heat exhaustion than applied to the general public?

■ In deciding "no evidence" points such as these, an appellate court must consider only the evidence and the inferences tending to support the findings, and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); Robertson v. Robertson, 159 Tex. 567, 323 S.W.2d 938 (1959).

The insurance company contends that there is no evidence that claimant suffered a heat exhaustion because the testimony of the claimant's doctor is insufficient to support an inference that such injury occurred. Allred's doctor testified that his findings upon examination of the claimant were *consistent* with those of a person that has suffered a heat exhaustion. The company contends that "consistent with" is merely equivalent to a "possibility of" heat exhaustion; that proof of the injury must be made by expert testimony as to reasonable medical *probability*. We do not reach this question, for there is additional evidence of probative force which will support the jury finding.

Two medical experts testified at the trial, one for petitioner and one for respondent. There is testimony that the symptoms of heat exhaustion are hot skin, either a red or exceedingly pale face, a fast heart rate, considerable variations of blood pressure, cramps, nausea and vomiting; furthermore, if after recovery the patient overexerts or gets too hot he is likely to have a recurrence of the same symptoms.

■ There is testimony from Allred, and other nonexpert witnesses, that on the day Allred got sick he became very dizzy and nauseated, suffered cramps and vomiting; his entire body cramped the whole night following the incident; whenever he has attempted to engage in physical exertion since that time he suffers cramps,

nausea, dizziness; he has been unable to undertake any type of gainful employment since that time due to this recurrence of symptoms. There was no objection to the introduction of this lay testimony, and, furthermore, as to the other nonexperts such would be admissible as opinions of witnesses familiar with a person as to his general health, bodily vigor, apparent illness, or change in physical condition. Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955 (1935).

In addition respondent's medical expert testified on cross-examination that not only were the claimant's symptoms consistent with heat exhaustion, each one was consistent with some other condition: The irregular pulse was consistent with a heart block or a nerve injury; high blood pressure with hypertension and kidney disease; pain in the chest with a coronary condition or osteotrophic or osteoarthritic spurring of the vertebrae and so forth. On redirect examination the doctor testified that the reason for the exhaustive physical examination was to rule out these other conditions. He stated that he found no other condition to explain respondent's symptoms. The jury could reasonably find that in effect the doctor ruled out everything but heat exhaustion.

In Associated Employers Lloyds v. Self, 192 S.W.2d 902 (Tex.Civ.App.1946, writ ref'd n. r. e.), the employee allegedly suffered an injury to the small of his back. In a suit for workmen's compensation benefits the insurance company's medical experts testified that the disability could have been caused by the employee's fall or it could have been caused by chronic arthritis. The employee's medical expert testified that it could have been caused by the fall *and it could not have been caused by arthritis.* The jury awarded compensation, and judgment was entered on the verdict. The Court of Civil Appeals held that there was evidence to support the judgment. This Court refused the insurance company's application for writ of error with the notation, "no reversible error."

■ In the instant case, the symptoms of heat exhaustion were elicited from the medical experts, and Allred's symptoms were elicited from lay witnesses. There was expert testimony that the claimant's symptoms were consistent with heat exhaustion, as well as many other conditions. The doctor further testified that after examination he could find none of these other conditions. Under Associated Employers Lloyds v. Self, supra, this is sufficient to support a finding of an injury from heat exhaustion. We hold that there is evidence of probative force to support the jury finding.

The insurance company contends that even if the claimant suffered an occurrence of heat exhaustion on the day in question, there is no evidence that he was subjected to a greater hazard of heat exhaustion than applied to the general public.

■ Heat exhaustion is compensable, under the workmen's compensation law, if the employee is at the time engaged in the performance of duties that subject him to a greater hazard of heat exhaustion than ordinarily applies to the general public. Vernon's Tex.Civ.Stat.Ann. art. 8309, § 1 (1967); Scivally v. Texas Employers' Ins. Ass'n, 77 S.W.2d 919 (Tex.Civ.App.1934, writ ref'd).

This Court held in Guthrie v. Texas Employers' Ins. Ass'n, 146 Tex. 89, 203 S.W.2d 775 (1947), that a fact issue as to compensable injury was raised where it appeared that the employee working in a cotton mill's weave room which was heated with steam and kept closed to keep the dust and fuzz settled suffered heat exhaustion. The Court emphasized that the nature of the premises could have been a causative danger in the employment.

Traders & General Ins. Co. v. Ross, 263 S.W.2d 673 (Tex.Civ.App.1953, writ ref'd) involved a claimant who had lived in the foothills of the Rockies, where it was cool, until about a month before he moved to Houston. The day was hot and he worked outdoors. Shortly after beginning work he became ill and had to quit work. The court held that this was sufficient to require submission of an issue of greater hazard than ordinarily applies to the general public.

The Commission of Appeals held in Hebert v. New Amsterdam Casualty Co., 1 S.W.2d 608 (Tex.Com.App.1928, jdgmt. adopted), that the fact that the employee was engaged in unusually arduous manual labor in a forest, where it was possible that the heat did not dissipate as rapidly as it would have otherwise, was evidence of a causative danger in the employment.

■ There is testimony in the instant case that Allred was engaged in arduous manual labor on the day in question, carrying steel reinforcing rods. The day was relatively hot for April, reaching a maximum temperature that day of 95 degrees. Allred was working harder than some of the men engaged in the same work; his brother testified that Allred was continuously carrying steel while others would swap off and do something else for a while. Part of the time he was using a torch to cut the steel which, he testified, "gets pretty hot."

These facts support the jury finding that Allred was subject to a greater hazard of heat exhaustion than applied to the general public, and are not inconsistent with the cases discussed above; nor are they inconsistent with the cases from the Courts of Civil Appeals relied upon by petitioner: Texas Employers' Ins. Ass'n v. Moore, 279 S.W. 516 (Tex.Civ.App.1925, no writ); Trinity Universal Ins. Co. v. Walker, 203 S.W.2d 308 (Tex.Civ.App. 1947, no writ); Safety Casualty Company v. Malvoux, 204 S.W.2d 862 (Tex.Civ.App. 1947, writ ref'd n. r. e.). We hold that there is evidence of probative force to support the jury finding.

We have considered the remaining points of error urged by petitioner and overrule them as being without merit. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.