**S. Leslie HAYS, Appellant,**

v.

**Nollie M. SULLINS, a feme sole, Appellee.**

No. 5980.

Court of Civil Appeals of Texas.

El Paso.

May 21, 1969.

Rehearing Denied June 18, 1969.

Lipscomb, Fisk, Cox & Ehrlich, El Paso, for appellant.

Ronald Calhoun, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

Appellee, Nollie M. Sullins, recovered judgment against appellant, S. Leslie Hays, on a claim for loss of rentals of farm lands under a lease which appellee maintained was for a term of three years and appellant contended was for one year. The trial was to the court without a jury and resulted in the court finding a three-year lease and awarding damages in an agreed amount of $10,694.54.

The parties had operated under a written three-year lease of the lands involved and that lease expired on January 15, 1962. Some time around January 1, 1962, Hays called Mrs. Sullins inquiring about leasing her land again, and the parties met in February to discuss the matter. In such discussions it was agreed that the rental would be changed from $65.00 to $70.00 an acre, and that the expense of water well repair would be shared equally. As to those facts there is no dispute. Following this discussion, appellant gave appellee his check for one year's rent. This discussion took place in El Paso, and following it appellee returned to her home in Lubbock and had her attorney prepare a three-year lease, and some time in February, 1962 forwarded two signed copies of it to appellant. Appellant testified that he received the copies of the lease, but that he ignored them and did not sign and return a copy because he believed he had only a one-year

lease. Appellant farmed the land during the 1962 crop year, and in January, 1963 called appellee and informed her that he would not be farming the land in the 1963 crop year.

As to whether the parties intended their lease to be for a one or three year term, there are different versions of what was said and left unsaid in their conference of February, 1962. The honest, but differing, beliefs of the parties as to what they had agreed upon were resolved by the trial court. The trial court made findings of fact which support the judgment rendered. We are of the opinion that facts material to the judgment are sufficiently supported by the evidence, and therefore do not present the reversible error assigned by appellant. This is not to say that in each instance we would have reached the same conclusion as to the ultimate fact found, for such is not the test; rather, our task, is to sit in judgment on the trial court's conclusions as to the evidence before it. In deciding "no evidence" points such as these, an appellate court must consider only the evidence and the inferences tending to support the findings, and disregard all evidence and inferences to the contrary. Commercial Standard Insurance Company v. Allred, 413 S.W.2d 910 (Tex. 1967). We have carefully considered appellant's "no evidence" points in the light of the applicable rules, and we are of the opinion there is some evidence of probative force to support the findings of the trial court. Viewing all the evidence, that which supports the material findings as well as that which is against, we conclude that the evidence is sufficient to support such findings, and that the findings are not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Prior to the trial on the merits, appellee had moved for a summary judgment and the court denied it. Appellant urges that such ruling is res judicata of the issues presented by the trial on the

merits, from which this appeal is taken. Rule 166–A, Texas Rules of Civil Procedure, provides for the motion for summary judgment as a part of our "pre-trial" procedure. Clearly, the overruling of such a motion does not result in a judgment or order which precludes going to trial on the merits. The very purpose of the rule is to dispose of unmeritorious claims or untenable defenses without a trial. McBeth v. Texas & Pacific Railway Company, Civ. App.1967, 414 S.W.2d 45, ref., n.r.e. It is available only where there is no genuine issue as to a material fact; and where, as here, the court overrules the motion, thus finding that there are genuine issues as to material facts, then a trial on the merits is called for, not precluded.

■   Appellant says that the judgment is erroneous because if the parties contemplated a written contract, delivery of an executed copy of same by both parties is essential, and it is undisputed that the defendant, Hays, did not sign and deliver a copy to the plaintiff, Sullins.

The law controlling this point of error is well stated in 13 Tex.Jur.2d, Contracts, § 76, p. 220:

"Ordinarily, as has just been noted, a written contract will be required to be signed by all parties to the agreement. Certain exceptions to this rule exist, however, for it is not true in every case that the names of all parties in interest must be subscribed to a written contract or obligation in order to bind them all. For instance, where a contract between two parties is reduced to writing and is signed by one of them, and where the agreement, though not signed by the other party, is nevertheless accepted by him, the agreement then becomes, in contemplation of law, a written contract that is binding on both parties."

Plaintiff pleaded the exception to the general rule in these words:

"Plaintiff had the agreement reduced to writing, a copy of which marked Exhibit 'B' is attached to this petition and made a part of it for all purposes. Plaintiff signed the agreement and sent it to Defendant. Defendant did not return the agreement to Plaintiff, but nevertheless entered into and upon Plaintiff's farm and farmed the same for the year 1962. Defendant thereby became bound under the agreement for the full three (3) year term."

These matters are not in dispute, and under such circumstances the question is one of law. In Rubin v. Polunsky, Tex.Civ. App., 366 S.W.2d 234 (ref., n.r.e.) the rule is stated thus:

"The rule in Texas is, that a contract in writing signed by one party and expressly accepted orally by the other, or the terms thereof performed and the benefits thereof accepted, is in law the written contract of the parties and binding on both. Martin v. Roberts, 57 Tex. 564; Chavez v. Goodman, Tex.Civ.App., 152 S.W.2d 826, no writ history; Burke v. Shafer, Tex.Civ.App., 189 S.W.2d 444, writ ref. w.o.m."

We are of the opinion that this case falls within the rule, and that the trial court was correct in ruling that the document in question was the written agreement of the parties.

Having determined that the document in question was the written agreement of the parties, we see no need to discuss the assignment of error relating to the Statute of Frauds.

All assignments of error have been considered and all are overruled. The judgment of the trial court is affirmed.