**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellant,**

v.

**Rufus ROGERS, Appellee.**

No. 4572.

Court of Civil Appeals of Texas, Eastland.

Nov. 24, 1972.

Rehearing Denied Dec. 15, 1972.

Nelson, Sherrod, Carter & Oldham, Stan Carter, Wichita Falls, for appellant.

Bob L. Wilson, Wichita Falls, for appellee.

McCLOUD, Justice.

This is a workmen's compensation case. The jury found that plaintiff, Rufus Rogers, suffered both a heart injury and heat exhaustion while in the course of his employment. Judgment was entered awarding plaintiff total and permanent disability. The defendant, Texas Employers' Insurance Association has appealed. We affirm.

Plaintiff asserts by cross-point that the appeal should be dismissed because the transcript and statement of facts were not

timely filed. We disagree. Hill Chemicals Company, Inc. v. Miller, 462 S.W.2d 568 (Tex.Sup.1971); Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585 (1940); Hammett v. McIntire, 365 S.W.2d 844 (Tex. Civ.App.—Houston 1962, writ ref.n.r.e.).

Defendant first contends that the court erred in submitting Special Issue No. 2 because the issue contained a comment upon the weight of the evidence, assumed disputed facts and was duplicitous. Special Issue No. 2 reads as follows:

"Do you find from a preponderance of the evidence that on or about July 30, 1970, Rufus Rogers suffered a heart injury, if any, as the result of a strain or over-exertion?

Answer 'Yes' or 'No'.

ANSWER: Yes"

This issue was discussed and approved in Midwestern Insurance Company v. Wagner, 370 S.W.2d 779 (Tex.Civ.App—Eastland, writ ref.n.r.e. 1963) where this Court said:

"A heart attack caused by such a strain or overexertion is an accidental injury to the physical structure of the body within the meaning of the workman's compensation law. Proof, thereof, occurring in the course of employment, is sufficient to show a causal connection between injury and an employee's death resulting from such a heart attack. . . . However, it is not essential that there be a finding that deceased's injury was the result of an accident. Texas Employers' Insurance Ass'n v. Agan, Tex.Civ.App., 252 S.W.2d 743 (Writ. Ref.); Aetna Insurance Company v. Hart, Tex.Civ.App., 315 S.W.2d 169, 172 (Ref.N.R.E.); Texas Employers' Insurance Ass'n v. Smith, Tex.Civ.App., 235 S.W.2d 234."

We recognize that the objections being considered here were not discussed in *Wagner*. However, in Texas Employers' Ins. Ass'n v. Rowell, 104 S.W.2d 613 (Tex.Civ.App.—Eastland 1937, no writ), this Court was concerned with the contention that a similar issue was both duplicitous and a comment upon the evidence. The Court said:

"In Speer's Law on Special Issues at p. 128, it is said: 'It is not always the case that the submittable issue consists of a single simple fact. It may consist of a primary fact *as limited or qualified* by some other fact consideration, yet on the whole be a single issue. In such case the one real issue can often be best submitted with the limiting or qualifying facts stated in connection with the one real issue to be submitted. * * * A grouping of facts necessary to present one ultimate issue is not a grouping of issues at all.' "

The Court added:

"It has often been held that, . . . where it is necessary to limit, describe, or modify an issue, the rule against duplicity or multifariousness is not violated."

We think defendant's argument was answered adversely by the Supreme Court in Commercial Standard Insurance Company v. Allred, 413 S.W.2d 910 (Tex.Sup.1967) where the issue read:

"Do you find from a preponderance of the evidence that Leroy Allred sustained an injury to his body as the result of a heat exhaustion on or about April 9, 1963?"

The Court of Civil Appeals held that the issue was duplicitous and a comment upon the weight of the evidence. The Supreme Court reversed the Court of Civil Appeals and while inferentially approving the holding in *Rowell, supra,* said:

"We think the issue given by the court in this case does not assume anything; it simply asks the jury if Leroy Allred sustained one certain kind of injury to his body, and that kind was one resulting from a heat exhaustion."

Johnson v. Zurich General Accident & Liability Insurance Company, 146 Tex. 232,

205 S.W.2d 353 (1947), relied upon by defendant was distinguished by the Court in *Allred, supra,* and is distinguishable here.

We hold that Special Issue No. 2 is not duplicitous, does not assume disputed facts, and is not a comment upon the weight of the evidence.

The jury found in Special Issue No. 5 that plaintiff was subject to a greater hazard of heat exhaustion than applied to the general public. Defendant attacks this finding and says that there is no evidence to support the finding; the evidence is factually insufficient to support such finding; and, the answer of the jury is against the great weight and preponderance of the evidence. Defendant cites Weicher v. Insurance Company of North America, 434 S.W.2d 104 (Tex.Sup.1968), and says that since there was nothing about the place of employment that subjected plaintiff to any artificial condition which intensified the heat or humidity the jury's finding must be set aside. We disagree. The court in *Weicher* was careful to point out that the plaintiff there was relying only upon the condition of the premises as distinguished from the nature of the work to show that he was subject to a greater hazard than applied to the general public. The extra hazard may be supplied by the very nature of the work itself. American General Ins. Co. v. Webster, 118 S.W.2d 1082 (Tex.Civ.App.—Beaumont 1938, Dism).

Rufus Rogers testified that while working on July 30, 1970, a hot day, he became ill. The evidence showed that he was breaking out a water line of 2 inch tubing, picking it up and loading it onto a truck. He used a pipe wrench that weighed seven or eight pounds while breaking the pipe loose. He spent about 4–4½ hours breaking out the 30 foot joint lengths of pipe. He was working out in the sun and there was no shelter from the sun. After they finished breaking out the pipe, the driller drove a truck alongside the pipe and Rogers along with other members of the crew would pick the pipe up off the ground and throw it onto the truck. He worked about 2–2½ hours loading the pipe before he became ill.

The evidence is much like that discussed by the Supreme Court in *Allred, supra,* where the Court said:

"There is testimony in the instant case that Allred was engaged in arduous manual labor on the day in question, carrying steel reinforcing rods. The day was relatively hot for April, reaching a maximum temperature that day of 95 degrees. Allred was working harder than some of the men engaged in the same work; his brother testified that Allred was continuously carrying steel while others would swap off and do something else for a while. Part of the time he was using a torch to cut the steel which, he testified, 'gets pretty hot.'

These facts support the jury finding that Allred was subject to a greater hazard of heat exhaustion than applied to the general public."

We think the testimony set out above is some evidence that Rogers was subject to a greater hazard of heat exhaustion than applied to the general public. Also, we have considered all the evidence and hold that the evidence is not factually insufficient to support the jury's answer to Special Issue No. 5, nor is the answer against the great weight and preponderance of the evidence.

In response to Special Issue No. 4, the jury found that Rogers sustained an injury to his body as a result of heat exhaustion. Defendant contends that such finding is against the great weight and preponderance of the evidence. We have considered all of the evidence in the case and conclude that the jury's finding to Special Issue No. 4 is not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Southwestern Life Insurance Company paid a portion of the medical expenses incurred by plaintiff. The parties entered into a stipulation regarding the payment of certain medical expenses. Defendant says that Southwestern Life should recover the amounts which it paid and that defendant only agreed to pay plaintiff that part of the medical expenses that had not been paid by Southwestern Life. The court awarded all medical expenses to plaintiff in the judgment. We agree with the trial court's interpretation of the stipulation.

Defendant also complains of certain remarks made by the trial judge during argument. We have carefully considered the remarks along with the entire record and hold that such remarks were not reasonably calculated to cause and probably did not cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

We have considered all points of error and all are overruled. The judgment is affirmed.