TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00578-CV

Eddie C. Holdren, Appellant

v.

Kersten Llast, Belle Holdren Cowan and Charles Cowan, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. 96-03574, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 

 Eddie Holdren appeals the trial court's judgment that he take nothing against appellees
Kersten Llast, Belle Holdren Cowan, and Charles Cowan. We will reverse the judgment and remand the
cause for further proceedings.

 Holdren brought causes of action against appellees related to the probate of his mother's
will. Holdren asserts on appeal that the trial court erred in rendering judgment without allowing him to
question the appellees. The record shows that Holdren moved for summary judgment against appellees
and obtained a hearing on the motion. After examining the evidence and hearing argument, the trial court
denied Holdren's motion. The court went further, however, and rendered judgment that Holdren take
nothing from appellees. The court purported to dispose of all claims by reciting that all relief not expressly
granted was denied. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993).

 A trial court denying a motion for summary judgment determines that material issues of fact
exist, but does not adjudicate those issues. Besing v. Moffitt, 882 S.W.2d 79, 82 (Tex. App.--Amarillo
1994, no writ). A determination that fact issues exist calls for, rather than precludes, a trial on the merits. 
Turner v. County of Marion, 549 S.W.2d 254, 255 (Tex. Civ. App.--Texarkana 1977, writ dism'd);
Hays v. Sullivan, 442 S.W.2d 494, 496 (Tex. Civ. App.--El Paso 1969, writ dism'd by agr.). Having
determined only that Holdren failed to prove his claims conclusively, the trial court was not authorized to
adjudicate those claims. Because the court erred in adjudicating Holdren's claims without holding a trial
and receiving evidence, we reverse the judgment of the court and remand the cause for a trial on the
merits. (1) In light of our disposition of this issue, we need not address any remaining issues presented.

 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Reversed and Remanded

Filed: March 26, 1998

Do Not Publish
1. Appellees challenged the trial court's jurisdiction by filing a plea to the jurisdiction. We do not imply
that the trial court could not dispose of this case on jurisdictional grounds; to do so, however, Holdren
would have to be given notice, the record would have to be developed, and even then, the appropriate
relief would be dismissal without prejudice rather than a take-nothing judgment.