## STANDARD ACC. INS. CO. v. NICHOLAS.
### No. 10972.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1944.

O. O. Touchstone and J. W. Gormley, both of Dallas, Tex., for appellant.

Will R. Saunders and W. L. Oliphant, both of Dallas, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

After the Industrial Accident Board of the State of Texas denied coverage under the Texas Workmen's Compensation Act,

Vernon's Ann.Civ.St.Tex. art. 8306 et seq., plaintiff sued the insurance carrier, and the jury held that the plaintiff's disabilities were due to injuries received while engaged at his labors within the scope of his employment rather than to infantile paralysis.

The question in this case is whether or not the paralyzed condition of the appellee is attributable to an injury received in the course of his employment or to the disease of poliomyelitis, as same relates to compensability, or its lack, under the Texas Workmen's Compensation Act.

On Friday afternoon, October 30, 1942, appellee was employed in assisting in loading rafters on a truck. He handed these rafters, one end at the time, to his nephew, Scoggins, who was on the truck. He testified: "Well, it was a rafter, already braced and fixed to go on the house and I was handing this up to Scoggins on the truck, and I stooped down to pick one of those up and got it up above my head kind of, and kind of in a careen, when I handed it to him, it careened me over to one side and a hurting hit me right between the shoulders and I dropped this rafter on the truck, the end of it and Scoggins caught it and I turned it loose and stood there about ten or fifteen minutes, something like that, before I went back to work."

He testified that he was not struck by the rafter nor anything else, nor did he receive any kind of blow. After ten or fifteen minutes he swapped positions with Scoggins and continued to work the rest of the afternoon, rode home in a car with Scoggins, slept well that night, worked all of the next day, that is, Saturday, rode home with Scoggins that night, slept well Saturday night, and was up and around town all day Sunday, did not sleep well Sunday night, did not return to work Monday, and around 10 o'clock Monday morning was stricken with a paralysis, but that he had a pain between his shoulders during the entire time. He did not have a physician until Monday night.

The defendant contends, with much convincing expert evidence in support, that plaintiff's injury was caused by poliomyelitis and not by an injury occurring in the course of plaintiff's employment. Plaintiff's two experts while conceding that plaintiff's symptoms in some degree were always present in poliomyelitis, attribute his condition to paralysis caused by a trau-

matic, compressed fracture of certain vertebrae, and partial rupture and hemorrhage of the spinal cord, which rupture, with its consequential hemorrhage, was produced by the crushed bones and cartilage of those vertebrae.

The lower Court overruled the appellant's motion for a directed verdict and the findings of the jury were for the plaintiff.

█ Ordinarily the question of what brought about the plaintiff's physical condition is a question for the jury where the doctors are in disagreement and some testify that in their opinion the condition was the direct result of an injury received in the course of his employment, while others testify that the condition was the result of a disease disconnected with his employment. But in the present case plaintiff's physicians testified that the plaintiff's condition is a result of a traumatic and compressed fracture of certain vertebrae, and that his paralytic condition was the result of such fracture. There was no testimony of any witness as to fractured vertebrae. The testimony of physicians who attended the plaintiff at or near the time of his injury was in negation of a fracture, but the chief medical expert for the plaintiff, who had not seen him until some eleven months after the injury and two weeks before the trial, took an X-ray picture which he said revealed certain aspects which he concluded were compressed and traumatic fractures of the fourth, fifth, tenth, and eleventh dorsal vertebrae. But the evidence in this case wholly fails to show that the fracture, if any, was received while in the defendant's employment. The plaintiff's own testimony shows that he was not struck in the back, that he received no blow whatsoever, but that while lifting a rafter and being in a "careening" position he felt a pain between his shoulders. He resumed work in ten or fifteen minutes, worked all the afternoon, and the next day, and was uptown all day Sunday, slept well Friday and Saturday nights. There is no direct evidence in the record to support the hypothesis that the vertebrae in the plaintiff's spine were fractured, or if there had been such a fracture that it was received on the occasion in question or in the course of his employment. The testimony of the plaintiff's experts was based upon the following inferences: (1) that certain vertebrae were fractured; (2) that the fractures were received in the course

of the plaintiff's employment; (3) that the fractures caused a puncture of the spinal cord; and (4) that the plaintiff's paralysis was produced by the hypothetical puncture of the spinal cord which in turn was produced by a hypothetical fracture of vertebrae which the doctor assumes was received in the course of the plaintiff's employment. Since the diagnosis of plaintiff's doctors is based on the hypothesis of fractured vertebrae, and since there is no proof that the vertebrae were fractured in the lifting or handling of the rafter or in the course of employment, it follows that the testimony of plaintiff's doctors is without probative force.

■ Furthermore the, appellee cannot predicate the hypothesis of the result solely upon an unproven hypothesis as to its cause. A case cannot be established by piling one presumption or inference upon another presumption or inference. Lumbermen's Mutual Casualty Co. v. Vaughn, Tex.Civ.App., 174 S.W.2d 1001;[1] Federal Underwriters Exchange v. Hightower, Tex. Civ.App., 161 S.W.2d 338. There is no proof but only an assumption or hypothesis by the medical experts of the appellee that the appellee received fractured vertebrae and puncture of the spinal cord on the occasion in question, and under the decisions of the Texas Court he cannot use a mere hypothesis as the basis of another hypothesis.

It was approximately eleven months after the time the plaintiff was unloading the rafters before either of plaintiff's physicians saw or examined the plaintiff, and neither of them could have given any direct testimony that the alleged fracture was received on the occasion in question.

■ At best the evidence as to any fracture of the vertebrae, or any puncture of the plaintiff's spinal column, or that the plaintiff's condition was the result of the hypothetical fracture and puncture, is entirely circumstantial, and it does not meet the test prescribed by this Court in Mutual Life Insurance Co. of New York v. Zimmerman, 5 Cir., 75 F.2d 758. See also Morrison v. LeTourneau Co. of Georgia, 5 Cir., 138 F.2d 339, and Pennsylvania R. Company v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819.

The lower Court should have sustained the motion of the defendant for a directed verdict.

Reversed and remanded.

---

[1] "There being no direct evidence of such an injury, the injury can be established only by inference. There is no direct evidence that the injury, so established, made possible an infection which would not nevertheless have come about. Causation is not established merely by showing that the infection followed the injury in point of time. It is not enough merely to show that the fall was sufficient to have caused an injury, and that such an injury could have made possible the damaging effects of the infection. A case cannot be established by piling one presumption, or inference, upon another presumption, or inference. Federal Underwriters Exchange v. Hightower, Tex. Civ.App., 161 S.W.2d 338, writ of error refused, and authorities there cited.

"In testing the sufficiency of circumstantial evidence, we must apply the rule thus stated in 17 Tex.Jur. 908: 'To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit of a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing, or, as it has been said, sufficient reasonably to produce belief of the existence of the fact which is sought to be shown by them. At all events they must not be equally consistent with the nonexistence of the ultimate fact.'" Lumbermen's Mutual Casualty Co. v. Vaughn, Tex.Civ.App., 174 S.W. 2d 1001, 1005.