**TRAVELERS INS. CO. v. BLAZIER.**

No. 15110.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 24, 1950.

Rehearing Denied March 24, 1950.

Cantey, Hanger, Johnson, Scarborough & Gooch and Emory Cantey, all of Fort Worth, for appellant.

Mays & Mays, Clark & Craik and J. Harold Craik, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee was awarded judgment for $950 as workmen's compensation in a non-jury trial. He alleged in substance that on

February 2, 1948, he suffered a heat stroke and that as a result of the heat stroke and the weakened and exhausted condition which followed he contracted polio. He further alleged that "as a result of such afflictions" he suffered ten weeks total and thirty weeks fifty per cent partial disability.

The trial court found that he suffered the alleged heat stroke on September 2, 1948, that he was exposed to a greater hazard and liability to sun stroke or heat stroke than the public generally, that the heat stroke or sun stroke contributed to and was a producing cause of his disability, and that polio was not the sole cause of appellee's disability. The court found eight weeks total and thirty weeks fifty per cent partial disability, and further found, under the wages he had been receiving, that the rate of compensation for both total and partial disability was $25 per week.

The evidence consisted solely of the testimony of appellee and of Dr. Ernest D. Rogers. Dr. Rogers was appellee's family physician, who treated appellee during his illness at appellee's request, and he was called as a witness by appellee. Appellee testified in detail about his illness, the manner of its onset, the symptoms, etc. He did not undertake to express an opinion as to whether or not he had suffered a heat stroke, but did say that "they said" that he suffered a mild case of polio. He carried a policy of insurance providing for payment of medical expenses incurred in treatment of polio, he made claim to the insurer on the policy, and the insurer paid the doctor and hospital bills on the basis that he had polio.

Dr. Rogers testified that he diagnosed appellee's case as polio, and gave it as his opinion that appellee did not suffer a heat stroke. He said that headaches, nausea, blind spots before the eyes, dizziness, and other disorders which appellee testified he experienced on the occasion in question were symptoms of heat stroke, but declared several times, on both direct and cross examination, that appellee had polio but did not have a heat stroke. In response to hypothetical questions he said that the facts stated in the questions would cause one to think about heat stroke, but it is our view that Dr. Rogers did not, in response to any hypothetical question that put to him the facts as testified to by the witnesses, make any answer that conflicted with his repeatedly expressed opinion that appellee suffered an attack of polio but not a heat stroke.

Certain rather well settled rules of evidence are applicable to the situation before us. The opinion evidence of a physician is but evidentiary and is never binding upon the trier of facts. The court or jury may reject all of the theories of one physician and adopt the theories of another, or the conclusions of a witness may be adopted in part and rejected in part. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345. But the rule allowing the trier of facts to adopt in part and reject in part the conclusions of a witness is subject to the qualification that his testimony must be examined as a whole to give true effect to it, and that the court will look to all of the testimony of the witness to determine its legal sufficiency to support the findings of judge or jury that are essential to the case of the prevailing party. Jones v. Traders & General Ins. Co., 140 Tex. 599, 169 S.W.2d 160. There must be evidence tending to support the facts assumed in a hypothetical question. Missouri, K. & T. R. Co. of Texas v. Williams, 63 Tex.Civ.App. 368, 133 S.W. 499. The party who calls a witness thereby vouches for his credibility and is bound by his testimony, save that it is permissible to contradict the testimony of one's own witness by independent facts showing its falsity or inaccuracy. Whitefield v. Whitefield, Tex.Civ. App., 160 S.W.2d 306, writ ref. w. o. m.

In Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943, as well as in many other cases that could be cited, it is recognized that lay witnesses may give opinions concerning many matters pertaining to sickness or good health, and that the opinions of experts, although persuasive, is not conclusive under most circumstances. But there are some subjects

about which it is only the opinions of experts that have any value as evidence, and about which it cannot properly be assumed that laymen can form correct opinions either from their own knowledge and experience or from opinions expressed by lay witnesses. It cannot be doubted that diagnosis of the disease of poliomyelitis and the question of its cause are such subjects. Lumbermen's Mut. Casualty Co. v. Vaughn, Tex.Civ.App., 174 S.W.2d 1001. If there had been only the testimony of appellee in the present case, with no evidence of a diagnosis of polio, it might be that the trial court, though a layman, would have been justified in finding from the evidence that a heat stroke had been suffered. But where the question to be determined was whether appellee had polio or a heat stroke, or whether he had a heat stroke which in turn contributed to or brought about polio, it is our belief that the subject was one so peculiarly within the realm of scientific knowledge that the trial court was not authorized to make a diagnosis, so to speak, contrary to that made by the only medical witness. Nor do we believe that the judgment is sustainable on the ground that the trial court had a right to adopt in part and to reject in part the opinions of Dr. Rogers. As is said in Jones v. Traders & General Ins. Co., supra, we must look to all of the testimony of the witness to see what he really said. It is not permissible to use the rule allowing adoption in part and rejection in part of the testimony of a witness, in such manner as will give to his testimony a meaning that it could not have in the light of all that he said. The judgment of the trial court can be upheld only on the ground that appellee's only witness, Dr. Rogers, was wrong in his diagnosis of the case. No other witness undertook to diagnose the case. We are driven to answer the precise question: Was the trial court, in the absence of an opinion from any witness, lay or expert, to the effect that appellee had a heat stroke, authorized to make a diagnosis of the illness different from the only diagnosis made by the single witness who testified on the subject? It is our holding, under the record before us, that he was not.

There is also, in our judgment, another reason why appellee was not entitled to recover. Although his pleadings, evidence and brief are not altogether clear about it, it appears that his claim for compensation is based on the theory that he first suffered a heat stroke, and that several days later, because of his weakened condition, he developed polio, and that the effect in the aggregate of the two ailments was that he suffered the disability alleged. The theory is necessarily based on the predicate that if he had not suffered the heat stroke he would not have developed polio. There is nothing in the record to show what the extent of his disability would probably have been if he had suffered only the heat stroke and had not developed polio.

Dr. Rogers testified that polio is caused by a virus but that no one knows where the virus comes from. He said it is debatable, he could not answer, whether polio is more likely to strike sick persons than persons in good health, but that the doctors feel justified in advising people to keep their general health up to par. He said that the actual causes or contributing causes of polio are unknown. He said it would be conjectural on the part of a doctor to say what causes or is likely to bring on polio. He said that if a man has suffered a sun stroke he would be more liable to polio or any other disease, and said that if a man had suffered a heat stroke and ten days later his case was diagnosed as polio it would be some evidence that the heat stroke was a contributing cause.

We had the same general problem before us in Lumbermen's Mut. Casualty Ins. Co. v. Vaughn, Tex.Civ.App., 174 S.W.2d 1001, and held, following Texas Employers' Ins. Ass'n v. Burnett, 129 Tex. 407, 105 S.W.2d 200, 202, and other cases, that the claimed injury was not compensable. In the Burnett case the court said that diseases which naturally result from an injury are themselves classed as an injury, and that if an employee be incapacitated thereby, or if he die therefrom, compensation is allowed. But the court overruled the contention that compensation was recoverable in the case before it on the theory that the injury

lowered the resistance of the employee to the extent that he contracted typhoid fever, saying that the testimony tending to prove such fact was entirely conjectural. To quote in part what was said: "With a disease like typhoid fever, it is a matter of pure speculation to say that the victim would not have died but for the lowered resistance, the extent of which was left to conjecture." The Supreme Court rendered judgment denying a recovery, although a recovery had been allowed in the trial court and in the Court of Civil Appeals. For the same reason we reversed the judgment allowing a recovery of compensation in the Vaughn case, and rendered judgment denying a recovery. See also Standard Accident Insurance Co. v. Nicholas, 5 Cir., 146 F.2d 376, where the proof was held insufficient to establish a contention that plaintiff's disability resulted from a cause other than poliomyelitis. If it be conceded that appellee had a heat stroke on September 2d, it is only by resorting to speculation that it can be said that his lowered resistance caused him to fall a victim to the polio infection, and that he would not have had polio if he had not had the heat stroke, and there is nothing in the evidence to show to what extent he would have been disabled if he had not developed polio.

. The case in some respects is like that of Scott v. Liberty Mutual Ins. Co., Tex.Civ. App., 204 S.W.2d 16, 18, writ ref. n. r. e. The employee sought compensation for the loss of an eye. A growth on his eye became malignant, and it was the claimant's theory that the injury contributed to bring about the malignant condition. After a full discussion in which it was said, among other things, that "there are certain scientific fields wherein the average juror or layman does not possess the knowledge or information from which to draw his own conclusions; and must be guided by the opinions of experts who have acquired scientific information on the subject", the court declared: "In brief, and without discussing or attempting to differentiate the, many cases cited by both appellant and appellee, and taking appellant's evidence in its most favorable light, he proved nothing more than that an accident occurred to his eye in March, 1944, which irritated and inflamed it at the time; that such inflammation was acute and disappeared as the result of treatment; that the growth on his eye was not then malignant; that in February, 1946, same was malignant; and that the accident might possibly have been a contributing cause. Not only is such possibility contradicted by the expert opinions of his own doctors, but in the absence of further evidence, does not, under the decisions, constitute any competent evidence of causal connection between the accident and the injury."

Because it is shown without dispute, by the testimony of appellee's own witness, that appellee did not suffer a heat stroke, and because there is no evidence of probative value tending to show that the polio infection naturally resulted from a heat stroke, it must be held that appellee is not entitled to recover.

The judgment of the trial court is reversed and judgment is here rendered for appellant.