**Cornia Helen BRUNSON, Plaintiff-Appellee,**

v.

**BENEFICIAL FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellant.**

No. 26407.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1969.

Bobby D. Dyess, of Brundidge, Fountain, Elliott, & Churchill, Dallas, Tex., for defendant-appellant.

Herbert L. Hooks, Dallas, Tex., R. W. Fairchild, Nacogdochis, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and LIEB, District Judge.

LEWIS R. MORGAN, Circuit Judge:

Originating in the United States District Court for the Northern District of Texas, this is an appeal from a jury verdict rendered in favor of the plaintiff-appellee, Helen Brunson. The insurance company, Beneficial Fire and Casualty, had insured Roland Brunson, appellee's husband, against accidental death. It is Beneficial's contention that Brunson's death was due to suicide or a heart attack, either of which would not be considered accidental, thereby relieving Beneficial of liability. The District Court at the close of the trial overruled the insurance company's motion for a directed verdict and motion for judgment notwithstanding the verdict.

Roland Brunson was 48 years of age at the time of his death and was married to plaintiff. They had seven living children, ages from 4 to 19, and he was active in church work. In fact, he was an ordained minister in the Missionary Baptist Church and pastored a church in West Dallas for a few years. At the time of his death, Brunson was engaged in selling both insurance and real estate. As a consequence of his employment, Brunson carried large sums of insurance that was purchased from various companies, including a $66,000.00 policy with the defendant-appellant. The policy in question is for accidental death (as opposed to death by suicide or heart disease). Several of these policies were carried at reduced rates since he received special consideration as an insurance agent.

On the morning of March 21, 1967, Brunson rented a car to drive to Sherman, Texas, that he might check on some property. On his return to Dallas, at a distance of 38½ miles in a straight line from his home, an automobile-truck collision took place in which Brunson lost his life. The policy sued upon provided for the payment of double death benefits if the accident occurred more than 50 miles in a straight line from the residence of the insured. Brunson was familiar with this provision and had been much farther from his home than 50 miles on the day of his death.

There were no witnesses to the collision save Brunson and the truck driver, Trask. Trask acknowledged that he first noticed the car when it was about one-fourth mile north of him. It was travelling 60 to 65 miles an hour about two feet inside its proper lane. When the car was about 18 feet, i. e., a car length, from the truck, it came over toward the truck crossing the center line, suddenly and directly, without any change in its speed. A "sideswipe" collision occurred and Brunson was killed.

■ In affirming this action in all respects, we find it necessary only to address our discussion to two of appellant-defendant's contentions. Beneficial's first assignment of error questions the propriety of the trial court's overruling their motion for a directed verdict and motion for judgment notwithstanding the verdict because there was no competent evidence that Brunson's death was caused by accidental bodily injury. The company urges that this action falls within the teachings of Travelers Insurance Company v. Blazier, Tex.Civ.App., 228 S.W.2d 217, which stated that there are some subjects about which only the opinion of experts has any value as evidence, and about which it cannot properly be assumed that laymen can form correct opinions either from their own knowledge and experience or from opinions expressed by lay witnesses.[1] Although the law is correctly presented,[2] the argument fails

---

1. Subjects on which expert opinion is considered exclusive of all other evidence has traditionally been limited to medical opinions with few exceptions. However, even the medical field is not entirely closed to lay opinions which may expand the opinions of the experts. Sanchez v. Mecom, Tex.Civ.App., 284 S.W.2d 932; Lincoln Income Life Insurance Co. v. Mayberry, 162 Tex. 492, 347 S.W.2d 598.

2. A review of the cases is presented in Dotson v. Royal Indemnity Co., Tex.Civ. App., 427 S.W.2d 150.

in that the subject under consideration, i. e., an automobile collision, is one with which a layman would certainly have experience.

 The insurance company's second supported contention asserts that Mrs. Brunson breached the insurance contract when she refused to allow an autopsy after interment. An ancillary contention is that the Court erred in refusing to grant the insurer's motion for autopsy. The policy provision in question states:

> "The company at its own expense shall have the right * * * to make an autopsy in case of death where it is not forbidden by law."

The Texas law controlling this issue is accurately summarized in Aetna Life Insurance Company v. Robinson, Tex. Civ.App., 262 S.W. 118:

> "Where there is no provision in the contract itself giving the right of an autopsy after interment, the court will construe the policy provisions to mean that an autopsy must be demanded and performed prior to interment, and, if the insurer desires to avail itself of this privilege, it must so arrange and provide for information to be given of the death prior to interment."

In further discussion of this question, we refer to American National Insurance Company v. Nuckols, Tex.Civ. App., 187 S.W. 497, which supports the proposition that the request must be made within a reasonable time after notice of the death and autopsy will be granted only upon a strong showing that it will in reasonable probability disclose facts which will defeat recovery upon the policy. Notice of death was communicated to the insurer on March 31, 1967, and request for an autopsy was made on August 17, 1967. Although there was some evidence that an autopsy on August 17th would have been fruitful, it appears that four months between notice of death and request of autopsy is unreasonable.

The other contentions of Beneficial being without merit, the judgment of the District Court is affirmed.

Affirmed.